UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY P. DAVENPORT,

        Plaintiff,                        Case Number 16-12603

v.                                           Honorable David M. Lawson

LANSING SCHOOL DISTRICT and
BOARD OF EDUCATION OF THE
LANSING SCHOOL DISTRICT,

        Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE, AND TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

On July 12, 2016, the plaintiff, Mary P. Davenport, a teacher formerly employed by defendant Lansing School District, filed a two-count complaint alleging that she was subjected to disciplinary action and terminated because of her race in violation of 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42, U.S.C. § 2000d *et seq*. On August 9, 2016, the defendants filed a motion to dismiss arguing that venue is improper because all of the parties are residents of Ingham County, Michigan, and that all of the relevant actions took place in Ingham County, which is in the Western District of Michigan. The plaintiff did not file an answer to the defendants' motion and the time to do so has lapsed. The Court has reviewed the defendants' motion and finds that the motion adequately sets forth the relevant facts and law, so oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). The motion hearing presently scheduled for November 1, 2016 is **CANCELLED**.

Generally the Court is required to dismiss any case filed in the wrong jurisdiction, but it has discretion to "transfer such [a] case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Transfer is appropriate under section 1406(a) where "a case [is filed] laying venue in the wrong division or district." In this Circuit, section "1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction." *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980).

The Court finds that the plaintiff does not have an arguable basis for bringing this action in the Eastern District of Michigan. The present action may

> be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The complaint alleges that the plaintiff resides in Ingham County, Michigan, and that the defendant school district is located in Ingham County. The plaintiff was formerly employed by the Lansing School District as a High School teacher at Sexton High School. She contends that numerous adverse actions were taken against her because of her race, presumably within the Lansing School District. The plaintiff does not allege any actions or omissions giving rise to her claims occurred outside of Ingham County.

It is clear that the defendants reside in Ingham County, Michigan, making venue improper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1). Venue is improper under 28

U.S.C. § 1391(b)(2) as well because there is no mention in the complaint of any events occurring within the Eastern District of Michigan. Furthermore, the Eastern District of Michigan is an improper venue under 28 U.S.C. § 1391(b)(3) because the action may be brought in the Western District of Michigan, and there are no allegations to support the Court exercising personal jurisdiction over the defendants. Venue is therefore improper in the Eastern District of Michigan.

Nonetheless, the defendants acknowledge that the proper venue for this action is in the Western District of Michigan and that they reside there. The claims raised in the lawsuit are serious and require adjudication. The defendants have not offered any good reason why the plaintiff should be put to the expense of refiling her case in a new district, or why the facts favor dismissal over transfer. The interests of justice, and the command to apply the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, point to the conclusion that transferring this case to a court in a district where venue is proper is the preferred remedy.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt. #4] is **GRANTED IN PART**.

It is further **ORDERED** that the Clerk of Court shall **TRANSFER** the case to the United States District Court for the Western District of Michigan.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 14, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 14, 2016.

                               s/Susan Pinkowski
                               SUSAN PINKOWSKI